ELIZA MARSH & others *vs.* INHABITANTS OF DEDHAM.

Norfolk.   March 26. — May 9, 1884.   DEVENS & COLBURN, JJ., absent.

The warrant for a town meeting contained the following article: " To see what provision the town will make for the better accommodation of the high school, and, if necessary, to raise and appropriate money for the same." At such meeting, the school committee submitted a report, stating that the needs of the high school for more adequate accommodation could be no longer postponed; that, in pursuance of the by-laws of the town, they had caused estimates to be made " of the cost of land and buildings therefor; " that they recommended the construction of a building in accordance with a certain plan, the estimated cost of which would be a sum named; and that they also recommended an appropriation of that sum, and the appointment of a committee, " to locate and construct a new high school." It was voted to accept the report and adopt its recommendations; and a committee was chosen " to carry out said recommendations." Under an article in a warrant for a subsequent town meeting, providing for the consideration of the question of raising money to carry into effect the vote of the former meeting, " relative to a new high school building," it was voted to raise, by taxation and loan, the sum named in the previous appropriation, to be expended in the construction of the high school building. Subsequently, an agreement for the sale and purchase of land in the town, " for the purpose of erecting a high school building," was executed by the owner and by the committee. The town owned many schoolhouse lots of various sizes, on one of which there was a high school building. At the meeting first held, during the discussion of the article under which the committee was appointed, nothing was said as to the purchase of any land. A by-law of the town provided that no grant of a sum of money exceeding a certain amount, which was less than that appropriated by the above vote, should be made until estimates had been reported to the town. *Held*, that the committee had no authority to bind the town by an agreement to purchase land.

BILL IN EQUITY, filed November 2, 1882, for the specific performance of an agreement to purchase land. Hearing before *Holmes*, J., who reported the case for the determination of the full court, so much of which as is material to the point decided was as follows:

The warrant for a meeting of the defendant town contained the following article: " To see what provision the town will make for the better accommodation of the high school, and, if necessary, to raise and appropriate money for the same." At such meeting, held on March 6, 1882, the school committee submitted a report, stating that the needs of the high school for more adequate accommodation could be no longer postponed; that, in pursuance of the by-laws of the town, they had caused

estimates to be made "of the cost of land and buildings there-
for;" that they recommended the construction of a building in
accordance with a certain plan, the estimated cost of which
would be $35,000; and that they also recommended an appro-
priation of that amount, and the appointment of a committee of
five persons, "to locate and construct a new high school." It
was thereupon voted, "that said report be accepted and its
recommendations adopted;" and a committee of five persons
was chosen "to carry out said recommendations."

The warrant for a town meeting to be held on April 3, 1882,
contained the following article: "To see what method the town
will take to raise money to carry into effect the vote of the
annual meeting, relative to a new high school building." Under
this article, it was voted at such meeting, "that the sum of
$5000 be raised by taxation the present year, to be expended
by the committee in locating and constructing said building;"
and "that the town treasurer, with the approval of the select-
men, be authorized to borrow, in behalf of the town, a sum
not exceeding $30,000, to be expended in completing the new
high school house." The defendant owned many school-house
lots of various sizes, on one of which there was a high school
building.

At the town meeting of March 6, 1882, during the discussion
of the article under which the committee was appointed, noth-
ing was said as to the purchase of any land. A by-law of the
town provided that "No grant of a sum of money exceeding five
hundred dollars shall be made until the subject matter thereof
has been considered and estimates reported to the town, either
by the selectmen, school committee, road commissioners, en-
gineers of the fire department, or other town officers, or by some
committee chosen for that purpose, in pursuance of a vote of the
town."

On May 23, 1882, the agreement sought to be enforced, which
provided for the sale and purchase of a parcel of land owned
by the plaintiffs in the defendant town, "for the purpose of
erecting a high school building," was executed by the plaintiffs
and by three members of the above-named committee. The
plaintiffs have duly tendered proper deeds, conforming to the
agreement; but the defendant refuses to complete the purchase,

on the ground that the committee had no authority to bind the town by an agreement for the purchase of the land.

*C. H. Drew & R. C. Lincoln,* for the plaintiffs.

*A. Churchill & C. A. Mackintosh,* for the defendant.

C. ALLEN, J. Looking at the terms of the vote of the town, in connection with the statutes providing for the determination by the town of the location of school-houses, (Pub. Sts. *c.* 44, §§ 2, 47,) we are of opinion that the committee were not authorized to proceed and bind the town by a purchase of land. Authority in a committee to determine finally the location of a school-house is not to be implied, unless, in view of all the circumstances, an intention to that effect clearly appears. In the present case, no such authority was conferred in express terms; and without going so far as to hold that words authorizing a committee " to locate and construct a new high school " could not, under any circumstances, be held to imply authority to select and purchase the land, we find no such intention here. The statutes above referred to, the by-law of the town requiring estimates to be reported to the town before grants of money exceeding $500 can be made, the omission in the report of the school committee to give any separate estimate of the cost of land or to mention any contemplated sites for the school-house, the estimate of the cost of the construction of the building, which is apparently exclusive of the land, the fact that the town already owned various lots upon either of which the school-house might be built, and the indefinite phraseology in which the authority of the committee is expressed, all go to negative an intention on the part of the town to confer so extensive an authority upon the committee.           *Bill dismissed.*